2023 PA Super 177

| ROBERT KISTLER AND VIRGINIA KISTLER, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellants | : | |
| v. | : | |
| | : | No. 1694 MDA 2022 |
| MICHELLE M. DIETRICH, KENNETH P. LEIBY, AND BRIAN W. GELSINGER v. | : | |
| DESTINEE R. WOLBER | : | |

Appeal from the Order Entered November 21, 2022
In the Court of Common Pleas of Berks County
Civil Division at 19-4136

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY MURRAY, J.:                                **FILED: SEPTEMBER 22, 2023**

Robert Kistler (Kistler) and his wife, Virginia Kistler (collectively Appellants), appeal from the orders granting summary judgment in favor of Michelle M. Dietrich (Dietrich) and Kenneth P. Leiby (Leiby) (collectively Defendants), and dismissing Appellants' claims with prejudice.[1]  We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] As we discuss below, the trial court entered two separate orders.

Appellants initiated this negligence and loss of consortium action in May 2019.[2] On September 1, 2018, Kistler was injured while riding his motorcycle by a residence at 523 West State Street, Hamburg, Pennsylvania (Dietrich property). Complaint, 5/14/19, ¶ 6. At the time of the accident, "Defendants … were conducting an [e]state [s]ale at the [Dietrich property] …, which was advertised in publications of general circulation…." *Id.* ¶ 7; *see also id.* ¶ 3 (claiming Leiby owns the auction company involved in the estate sale). The complaint pled:

> On … September 1, 2018, at about 9:00 a.m., … Kistler[] was the operator of his Harley Davidson motorcycle, westbound, on West State Street … in the vicinity of … [the Dietrich property], near its intersection with Clayton Avenue. … Destinee R. Wolber [(Wolber)[3]] was the operator of a 2017 Chevrolet traveling southbound on Clayton Avenue approaching the intersection of West State Street …, when she crossed the path and right-of-way of [Kistler], causing a very serious collision between her and [Kistler], resulting in [Kistler] sustaining serious and permanent injuries….

*Id.* ¶ 6 (footnote added).

According to Appellants:

> [T]he general public … attend[ed] the [] estate sale, in large numbers, and by automobile, causing a very dangerous condition to other motorists in the area, as the persons attending the estate sale by automobile[] parked in an area of the public roadway that prohibited parking, creating visual limitations and deficiencies to other motorists who were simply traveling through the area ….

---

[2] The complaint also named Brian W. Gelsinger (Gelsinger), but the parties subsequently stipulated to the dismissal of Appellants' claims against Gelsinger.

[3] Wolber is not a party to this appeal.

*Id.* ¶ 9 (some capitalization modified). Appellants averred that Defendants acted negligently in, *inter alia*, "creating an unreasonable risk of harm to [Kistler] by causing a foreseeable hazard to all motorists in the area of [the Dietrich property] at the time of this accident," *id.* ¶ 15(a), "[f]ailing to have traffic and parking control measures in place … to prevent a foreseeable and unreasonable risk of harm to all motorists," *id.* ¶ 15(b), and "[f]ailing to have or employ necessary personnel to control traffic and parking…." *Id.* ¶ 15(c).

On June 13, 2019, Defendants filed an answer, new matter, and crossclaims. On June 7, 2022, following discovery (including depositions of Kistler, Dietrich, and others), Defendants filed for summary judgment. Defendants claimed Appellants failed to state a negligence claim because Defendants owed no legal duty to Kistler. Appellants filed a response on July 7, 2022, claiming genuine issues of material fact existed as to whether Defendants had and breached a duty of care. Response, 7/7/22, ¶¶ 26-27. The trial court held a hearing on the summary judgment motion on November 15, 2022.

On November 21, 2022, the trial court entered two separate orders granting summary judgment in favor of Dietrich and Leiby, respectively, and dismissing Appellants' claims with prejudice. The court issued an opinion with the orders in which it cited **Newell v. Mont. W., Inc.**, 154 A.3d 819 (Pa. Super. 2017), to support its conclusion that Appellants failed to establish

Defendants owed any duty to Kistler.  Trial Court Opinion, 11/21/22, at 3.

Appellants timely appealed and complied with Pa.R.A.P. 1925.

On February 7, 2023, this Court issued upon Appellants a rule to show cause (RTSC) why the appeal should not be quashed.  The RTSC observed that Appellants appealed from two separate orders, and it was unclear whether the orders dismissed all claims against all parties.  RTSC, 2/7/23, at 1.  Appellants timely responded to the RTSC, stating:

> Due to the factual and procedural circumstances, Appellants treated the [two November 21, 2022,] orders as one decision and thus, believed that one appeal was proper.  … Leiby and … Dietrich[] filed motions for summary judgment based upon the same factual record, same arguments and same legal authority. On November 15, 2022, oral argument on Defendants' motion for summary judgment was heard simultaneously.  … [T]here was one opinion in support of both orders ….

Response to Rule, 2/15/23, at 2 (capitalization modified).  This Court discharged the RTSC on February 22, 2023.  Accordingly, we consider Appellants' claims.

Appellants present the following issues:

1. Did the trial court abuse its discretion and make an[] error of law when it determined the record is devoid of evidence that anyone connected to the accident[] was an invitee of, or even attended the auction[,] where genuine issues of material fact exist as to whether the vehicles were parked by persons attending the [e]state [s]ale?

2. Did the trial court err as a matter of law where the undisputed facts establish that the Defendants, Michelle M. Dietrich, Executrix of the Estate of Marie E. Dietrich, deceased and Kenneth P. Leiby a/k/a d/b/a Kenneth Leiby Auctioneer, voluntarily assumed a duty of care?

- 4 -

a. Did the trial court err as a matter of law, when it determined that Defendants … did not owe [] Kistler[] a duty to protect[,] where the factual record demonstrates Defendant, Dietrich, directed individuals to park off of her property without any consideration of where people would park in the absence of legal on-street parking; and once the landowner takes some affirmative action to protect, the landowner and its agent must undertake and perform the duty in a safe and reasonable manner?

3. Did the trial court err as a matter of law and/or abuse its discretion by determining that Defendants owed no duty to [Appellants,] where genuine issues of material fact exist as to whether Defendants violated the Restatement (Second) of Torts, Section 323 when they undertook a duty then abandoned it; knew or should have known they had created a hazard; had the means, methods and opportunity to correct and/or warn against the hazard and failed to take any reasonable precautions to prevent the known risk of harm?

Appellants' Brief at 4-5.

When reviewing a challenge to the grant of summary judgment:

We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting … summary judgment is plenary, and our standard of review is clear[;] the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Pergolese v. Std. Fire Ins. Co.*, 162 A.3d 481, 486 (Pa. Super. 2017) (citation omitted). "Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment." *Straw v. Fair*, 187 A.3d 966, 982 (Pa. Super. 2018) (citation omitted).

Preliminarily, we note Appellants' brief does not comply with Pa.R.A.P. 2119(a), which requires the argument section

> be divided into as many parts as there are questions to be argued; and shall have at the head of each part - in distinctive type … - the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

*Id.* Appellants' argument headings do not correspond with Appellants' issues. Nonetheless, we overlook this defect; like Appellants, we address the issues together.

The crux of this appeal is whether Defendants owed a duty of care to Kistler. This issue presents a question of law, for which our standard of review is *de novo* and our scope of review is plenary. **Maas v. UPMC Presbyterian Shadyside**, 234 A.3d 427, 436 (Pa. 2020).

To state a cause of action for negligence, a plaintiff must establish, *inter alia*, the defendant owed a legal duty. **Rogers v. Thomas**, 291 A.3d 865, 874 (Pa. Super. 2023) (*en banc*) (detailing elements of a negligence claim); **Newell**, 154 A.3d at 822 ("duty is an essential element of a negligence claim" (citation omitted)); **Pomroy v. Hosp. of the Univ. of Pa.**, 105 A.3d 740, 746 (Pa. Super. 2014) ("A breach of a legal duty is a condition precedent to a finding of negligence." (citation omitted)).

Appellants claim the trial court erred in granting summary judgment because Appellants established that Defendants owed Kistler a duty of reasonable care. **See** Appellants' Brief at 32-48. Appellants contend, "Dietrich voluntarily assumed a duty of care when she directed individuals to

park off [the Dietrich] property without any consideration of where people would park in the absence of legal on-street parking." *Id.* at 37; *see also id.* at 47 ("Dietrich undertook the responsibility to direct parking and diverted people to park adjacent to her property."). According to Appellants, "Dietrich and her agent[,] Leiby[,] undertook a duty then abandoned it," "knew or should have known that they created a hazard," and "failed to take any reasonable precautions to prevent the known risk of harm." *Id.* at 47-48. "[W]hether Defendants, in their joint enterprise, acted negligently in undertaking these duties on the day Mr. Kistler was injured created a question of fact for the jury to decide." *Id.* at 48.

Defendants counter that the trial court properly granted summary judgment. Leiby Brief at 20 ("There is simply no evidence that Defendant[s] … owed [] Appellants a duty to direct traffic around the location of the estate sale," or "evidence that Defendant[s] voluntarily assumed a duty to [] Appellants" (capitalization modified)); Dietrich Brief at 26 (claiming Defendants "did not owe Kistler a duty to restrict parking on West State Street or to provide off-street parking for all of the estate [sale] attendees on the Dietrich pr[operty] to keep them from utilizing legal, on-street parking."), and *id.* at 28 (emphasizing "it is undisputed that parking was permitted on both sides of the street on West State Street in the vicinity of the Dietrich property.").

Defendants argue the trial court properly applied this Court's decision in *Newell*. Leiby Brief at 23-30; Dietrich Brief at 24 ("While 'not on all fours' with the case at bar, *Newell* … is sufficiently similar to be very instructive."), and *id.* at 24-26. Defendants claim Appellants' proposed duty of care is not supported by precedent, and the trial court properly rejected Appellants' attempt to create a new legal duty. Leiby Brief at 30 (complaining Appellants' proposed duty "would subject landowners to broad liabilities for any injury or harm created on a property that the landowner has limited ability to prevent."); Dietrich Brief at 27 (claiming there is "no basis in law or fact to impose a newly-created duty"), and *id.* at 14 ("This includes any duty that presently exists under Pennsylvania law or any duty that Appellants argue should be created by applying Restatement (Second) of Torts [sections] 323, 324A and 371.").

In *Newell*, the decedent attended a concert at a nightclub owned and operated by defendant Montana West. *Newell*, 154 A.3d at 821. Montana West is located on the west side of State Route 309, a four-lane public highway maintained by the Commonwealth. *Id.* Without permission of the landowner, decedent parked his car on the property of DHL Machine Company (DHL), located on the east side of Route 309 and across from Montana West. *Id.* Decedent left Montana West at about 11:00 p.m. and attempted to cross Route 309 to return to his vehicle; an automobile struck and killed decedent. *Id.*

Donald Newell (Newell), the administrator of decedent's estate, commenced an action against Montana West and DHL. *Id.* Newell claimed Montana West provided insufficient parking for its customers, "thereby making it necessary for Decedent to incur the risk of parking on the other side of Route 309 and of crossing Route 309 to reach his car." *Id.* The trial court entered summary judgment for Montana West and DHL "on the grounds that those defendants did not owe a duty to Decedent when he crossed Route 309 …." *Id.* Newell appealed. *Id.*

This Court first determined that Montana West owed no duty to pedestrians on adjoining roadways. *Id.* at 823-27. We concluded:

> A pedestrian who walks on a public highway places himself at risk of injury from vehicles traveling on the highway. Any duty of care owed to that pedestrian must belong to those who maintain the road and those motorists who are licensed to drive safely on it. The duty does not extend to landowners who have premises adjacent to the roadway.

*Id.* at 826. The **Newell** Court next held Montana West did not owe any duty to provide adequate parking on its premises. *Id.* at 827-36. Finally, we concluded Montana West did not voluntarily assume a duty by employing prior safety measures. *Id.* at 836-39.

Appellants claim **Newell** is distinguishable, where "Defendants did not only fail to provide adequate parking for their auction, but also undertook affirmative conduct which resulted in the creation of obstructed sight lines which posed a danger to both business invitees and the general public." Appellants' Brief at 38-39 (emphasis omitted); *id.* at 47 ("unlike Montana

- 9 -

West, [] Dietrich undertook the responsibility to direct parking and diverted people to park adjacent to [the Dietrich] property.").  In support of their claim that Defendants assumed a duty, Appellants cite to the Restatement (Second) of Torts §§ 323[4] and 324A.[5]  *Id.* at 46-47.

_____

[4] Section 323 provides:

**§ 323 Negligent Performance of Undertaking to Render Services**

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

(a) his failure to exercise such care increases the risk of such harm, or

(b) the harm is suffered because of the other's reliance upon the undertaking.

RESTATEMENT (SECOND) OF TORTS, § 323.

[5] Section 324A provides:

**§ 324A Liability to Third Person for Negligent Performance of Undertaking**

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

*(Footnote Continued Next Page)*

- 10 -

While **Newell** is not directly on point, it is persuasive. Applying **Newell**, the trial court explained:

> **Defendants … did not owe [] Kistler a duty to restrict parking on West State Street or to provide off-street parking for all of the estate sale attendees at the Dietrich property, or any duty, indeed any authority, to keep them from using legal, on-street parking.** Defendants … additionally did not owe a duty to Kistler to direct traffic and monitor parking. It is important to note that [] Kistler was not even attending the auction, rather he was merely driving down the street near the auction. Furthermore, the record is devoid of evidence that anyone connected to the accident[,] including those parked along West State Street where the accident occurred, was an invitee of, or even attended the auction. [The trial c]ourt also took note of the undisputed fact that there was a festival being held near the accident at the same time as the estate auction. [] Kistler admitted in his deposition that he did not attend the auction and that the individuals who allegedly parked too close to the intersection have never been identified. It is clear to this [c]ourt that Defendants did not have any authority to control parking on public streets, or that they had any duty to [Appellants] to exercise such control.

Trial Court Opinion, 11/21/22, at 3-4 (emphasis added).

Upon review, we conclude that the trial court's reasoning is supported by both the record and applicable legal authority. **See id.** Contrary to Appellants' claim, Defendants did not assume any duty to Kistler; the Restatement sections Appellants cite are unavailing. **See Feld v. Merriam**,

---

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

RESTATEMENT (SECOND) OF TORTS, § 324A.

485 A.2d 742, 746-47 (Pa. 1984) (adopting Restatement Section 323, and emphasizing an invitee "may rely upon a program of protection only within the reasonable expectations of the program"). As Appellants failed to establish that Defendants owed Kistler a duty of care, the trial court did not err or abuse its discretion in granting summary judgment.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2023